IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TENITA BRYANT, *et al.* | ) | CASE NO. 1:19-cv-01075 |
| | ) | |
| Plaintiffs, | ) | JUDGE: CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | **COLLECTIVE & CLASS ACTION** |
| v. | ) | |
| | ) | |
| NORTH COAST NATURAL SOLUTIONS, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT INSTANTER**

Pursuant to Federal Rule of Civil Procedure 15(a), and Local Rule 7.1, Plaintiffs TeNita Bryant, *et al.* ("Plaintiffs"), hereby respectfully submit this Memorandum in support of their Motion for Leave to File Second Amended Complaint.

**PROCEDURAL POSTURE**

Plaintiffs filed suit on May 13, 2019, alleging, *inter alia*, violations of the Fair Labor Standards Act. Plaintiffs amended their complaint on May 27, 2019, adding Dr. Jenny Enterprises, LLC, Vital Life Institute, LLC, Jenny P. Wilkins, and William Wilkins ("Defendants"). Plaintiffs were unable to effectuate service on Ty Williams, North Coast Natural Solutions, LLC, or North Coast 5 Natural Solutions Corporation ("Williams Defendants"). Plaintiffs filed a motion for an extension of time until January 26, 2020 to serve Mr. Williams and related entities.  Plaintiffs' motion was granted in part and Plaintiffs were given until December 12, 2019 to serve the Williams Defendants. Unable to effectuate service, Plaintiffs

filed a second motion to extend time to serve Defendants. That motion was denied, and this case was dismissed without prejudice as against Defendants North Coast Natural Solutions, LLC, North Coast 5 Natural Solutions Corporation, and Tierney Williams. Since then, Plaintiffs have reached out to approximately 80 individuals in an attempt to locate Mr. Williams. Mr. Williams has recently made contact with one of these individuals, and based on these conversations Plaintiffs believe they will now be able to effectuate service. Discovery has been ongoing in this matter since November 11, 2019, and depositions have been scheduled, but not yet taken.

## SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 15(a) contemplates that a court will freely grant leave to file an amended complaint when the interests of justice so require. Additionally, the Sixth Circuit has a liberal policy of allowing amendments to a complaint. Granting this motion allows Plaintiffs to add Mr. Williams and related entities to the pending lawsuit, in lieu of filing a separate complaint, eliminating duplicative actions that would waste this Court's time.

The amended complaint would merely name North Coast Natural Solutions, LLC, North Coast 5 Natural Solutions Corporation, and Tierney Williams as additional defendants in the matter. In addition, the amended complaint would clarify that Plaintiff Theodore McQueen is the class representative for the State Law Class.

Defendants will not suffer undue prejudice from the filing of Plaintiffs' Amended Complaint because: 1) the amended complaint does not add or change any allegations; 2) the amended complaint does not add or change any counts; 3) Defendants' discovery has only been through documents and interrogatories thus far — they have not taken any depositions as of February 20, 2020, 4) Naming Plaintiff Theodore McQueen as the State Law Class representative is required by Fed. R. Civ. P. 23.

## ARGUMENT

I. **The Efficient Administration of Justice Requires That Plaintiffs be Given Leave to File an Amended Complaint**

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires." This standard is readily met here, as Plaintiffs are merely adding additional Defendants, North Coast Natural Solutions, LLC, North Coast 5 Natural Solutions Corporation, and Tierney Williams, and not additional counts.

II. **Defendants Will Not Suffer Substantial Prejudice, and There Is No Other Reason Plaintiffs Should Not Be Given Leave to Amend**

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit applies a balancing test of these factors, which turns on *substantial prejudice* to the opposing party. *See, e.g.*, *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 256 (6th Cir. 1983); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

No such prejudice exists here. The facts described in the Second Amended Complaint are exactly the same as described in the First Amended Complaint. Moreover, pursuant to this Court's CMC order, this Court will not rule on Plaintiffs' Motion for Conditional Certification until Plaintiffs certify to the Court that all Defendants have been properly served. Plaintiffs cannot serve all Defendants unless the Court allows the Plaintiffs to file a Second Amended Complaint and serve the Williams Defendants.

Similarly, none of the other *Foman* factors are present. There is no specific time allowed to amend pleadings under this Court's Scheduling Order of October 18, 2019. The Sixth Circuit

3

has allowed amendment even after the expiration of discovery and after the time for amended pleadings in the scheduling order. *See, e.g., United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989) (allowing United States to add a claim fourteen months after suit was filed, after discovery had closed, and three weeks before trial). The Amended Complaint does not add any causes of action, but rather names additional Defendants who are necessary parties to the litigation.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that their Motion for Leave to File Second Amended Complaint Instanter be granted.

Respectfully Submitted,

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
wade@swmlawfirm.com
sobel@swmlawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on February 20, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts

*Attorney for Plaintiffs*