UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TENITA BRYANT, et al.,** | ) | CASE NO. 1:19CV1075 |
| | ) | |
| Plaintiffs, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| **NORTH COAST NATURAL** | ) | |
| **SOLUTIONS, LLC,** | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Renewed Motion (ECF DKT #62) of Plaintiffs Tenita Bryant, Theodore McQueen, Marcus Moore, Angelo McKenzie and Larry Gardner Jr. to Conditionally Certify a Fair Labor Standards Act ("FLSA") Collective Action and to Authorize Notice. None of the Defendants has filed an opposition. For the following reasons, Plaintiffs' Motion is granted in part and denied in part.

**I. BACKGROUND**

Beginning January 1, 2019, Defendants North Coast Natural Solutions, LLC; North Coast 5 Natural Solutions Corporation; Level 5 Global International Holdings Corporation; Tierney Williams; Dr. Jenny Enterprises, LLC; Vital Life Institute, LLC; Jenny P. Wilkins; and William M. Wilkins hired Plaintiffs to work in a facility for the production of industrial hemp located at 12735 Kirby Avenue, Cleveland, Ohio 44108. Plaintiffs were never paid.

Plaintiffs assert unpaid minimum wage claims under both the FLSA and Ohio law on behalf of themselves and similarly situated employees. 29 U.S.C. § 216(b). The FLSA requires Defendants to pay their non-exempt employees minimum wages. 29 U.S.C.

§ 206(a)(1).

The five named representative Plaintiffs submit Declarations (ECF DKT #62-1), attesting to their employment status as either hourly or salaried workers, their employment term, their lack of compensation and their understanding that no other similarly-situated employees were ever paid by Defendants.  Plaintiffs also attach the Consents of thirteen other individuals who wish to join the collective action.

The operative Complaint is the Second Amended Complaint (ECF DKT #47) filed on March 26, 2020.  Plaintiffs allege that Defendants violated the FLSA by virtue of its practices and policies of failing to pay minimum wages for any hours worked.  Plaintiffs seek conditional certification of a Collective Action and Court-Supervised Notice to Defendants' employees in the following classes:

> All current and former employees of Defendants who were classified as salaried employees for the Collinwood Hemp Venture Employers as executive-level employees in Ohio in any workweek in the past three years ("FLSA Salaried Class").

> All current and former employees of Defendants who were classified as hourly employees for the Collinwood Hemp Venture Employers as manufacturing workers (or an equivalent position) in Ohio in any workweek in the past three years ("FLSA Hourly Class").

## II. STANDARD OF REVIEW

An employee may bring an action on behalf of himself and other "similarly situated" employees pursuant to 29 U.S.C. § 216(b).  Unlike typical class actions, each employee wishing to join the collective action must affirmatively "opt in" by filing written consent. 29 U.S.C. § 216(b).  District courts have the discretion to facilitate notice to potential plaintiffs.  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Before facilitating

notice, courts must determine whether the potential class members are similarly-situated under Section 216(b) of the FLSA.

The Sixth Circuit expressed approval for a two-phase test. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). The first phase takes place at the beginning of discovery when the court has minimal evidence. *Id*. at 546. In the first phase, courts may grant conditional class certification upon a modest factual showing sufficient to demonstrate that the putative class members were the victims of a single decision, policy or plan. *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at *20 (E.D. Pa. Apr. 16, 2003). Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members." *Id*. at 546-47. Plaintiffs must only establish some "factual nexus" between Plaintiffs and the potential class members. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (*citing Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id*. at 547. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at *14 (N.D. Ohio Apr. 30, 2007) (*quoting Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir.

2001)).

### III. LAW AND ANALYSIS

Having considered the evidence and unopposed arguments submitted by Plaintiffs, the Court finds that, at this stage of the proceedings, Plaintiffs have met their "slight" burden and are entitled to conditional certification.

Plaintiffs have satisfied their modest burden by their Declarations.  (ECF DKT #62-1). For the Court to consider Plaintiffs "similarly situated," it is enough if their "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct."  *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir.2009).  The "first stage" or notice standard is "fairly lenient," requiring only that Plaintiffs "submit evidence establishing at least a colorable basis for [their] claim that a class of 'similarly situated' plaintiffs exists." *Olivo v. GMAC Mortgage Corp.*, 374 F.Supp.2d 545, 548 (E.D.Mich. 2004) (internal quotes and citations omitted).

At this juncture, "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D.Ohio 2011); *see also White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 2012 WL 5392621, at *6 (Nov.6, 2012).

Therefore, the Court finds that Plaintiffs have made the necessary, modest showing of a colorable claim that a class of similarly-situated plaintiff-employees exists.  The Court further finds that the three-year limitation period governs because the Second Amended Collective Action Complaint sets forth allegations that the FLSA violations were willful.

(ECF DKT #47, ¶¶ 156, 157, 164 & 165). The parties are on notice that a collective action is commenced on the date the Complaint is filed for named Plaintiffs who have filed consents or, for opt-in Plaintiffs, on the subsequent date on which a written consent is filed. See 29 U.S.C. § 256.

**Court-authorized notice and expedited discovery**

Plaintiffs request permission to send notices and to receive responses from potential members of the two classes of employees by regular U.S. mail, email and text message. Plaintiffs further request a timeframe of ninety days within which class members may return the opt-in forms. Plaintiffs also ask for expedited disclosure of employee names and contact information.

The Court will allow Plaintiffs to provide notice via U.S. mail and email. This will ensure that putative class members will receive notice of the suit by at least one method, and will eliminate concerns regarding inaccurate residential addresses or delays in mail service. *See Green v. Verita Telecommunications Corp.*, No.1:20CV2872, 2021 WL 2227379 (N.D.Ohio June 2, 2021). This aligns with the type of notice approved by district courts throughout this circuit.

The Court will permit Plaintiffs to send text messages only upon a showing that notice by U.S. mail and email was insufficient as to any given potential opt-in plaintiff. Plaintiffs may not send notice to any potential class member by text message absent express further permission from the Court.

Individuals desiring to opt into this action may send their completed Consent Forms to Plaintiffs' Counsel by:

      a. Mailing them in the pre-addressed, stamped envelope provided;

      b. Mailing them in their own envelope to Sobel, Wade & Mapley, LLC; 55 Erieview Plaza, Suite 370, Cleveland, OH 44114;

      c. Scanning and emailing them to Claire Wade-Kilts at wade@swmlawfirm.com; or

      d. Faxing them to Sobel, Wade & Mapley, LLC at 216-223-7213.

Plaintiffs ask the Court to approve a time period of ninety days within which opt-in Class Members may return the opt-in forms. The Court acknowledges that the COVID-19 pandemic has impacted mail service; so, a period of ninety days in which consent forms may be submitted is acceptable.

The Court agrees to Plaintiffs' request for expedited discovery. Within ninety days of this Order, Defendants shall produce a "computer-readable" list of the names, last known addresses, email addresses, dates of employment and job titles for all persons employed by Defendants in the past three years.

Furthermore, the Court orders Plaintiffs to add language to the Notice to potential class members, reciting that the Court takes no position regarding the merits of Plaintiffs' claims or of Defendants' defenses in this action.

## IV. CONCLUSION

The Court grants in part Plaintiffs' Renewed Motion (ECF DKT #62) to Conditionally Certify an FLSA Collective Action under § 216 of the FLSA for the classes defined as follows:

> All current and former employees of Defendants who were classified as salaried employees for the Collinwood Hemp Venture Employers as executive-level employees in Ohio in any workweek in the past three years ("FLSA Salaried Class").

All current and former employees of Defendants who were classified as hourly employees for the Collinwood Hemp Venture Employers as manufacturing workers (or an equivalent position) in Ohio in any workweek in the past three years ("FLSA Hourly Class").

However, the Court denies Plaintiffs' request for Court-authorized notice and declines to approve the Notice and Consent Form as currently drafted. The Court orders Plaintiffs to submit an amended proposed Notice and Consent Form consistent with the above-noted revisions and directives within two weeks of receipt of this Order.

While Plaintiffs have met their burden under the lenient standard applicable to the notification phase, the Court will revisit the "similarly situated" requirement once the opt-in forms are submitted. If the Claimants are not similarly situated after further discovery, the Court will decertify the Class and the Opt-in Plaintiffs will be dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: September 14, 2021**

  s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**