UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TENITA BRYANT, et al.,** | ) | CASE NO. 1:19CV1075 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **DEFAULT JUDGMENT** |
| | ) | |
| **NORTH COAST NATURAL** | ) | |
| **SOLUTIONS, LLC, et al.,** | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Renewed Motion (ECF DKT #100) of Plaintiffs, Theodore McQueen, Marcus Moore, Angelo McKenzie, and Larry Gardner, Jr., individually and on behalf of the Fair Labor Standards Act ("FLSA") Collective Class, for Default Judgment in their favor and against Defendants North Coast Natural Solutions, LLC, North Coast 5 Natural Solutions Corporation, Level 5 Global International Holdings Corporation and Tierney Williams ("North Coast Defendants") on Counts I and II of the Second Amended Complaint.

On March 20, 2023, the Clerk entered default against the North Coast Defendants. Further, on May 19, 2023, the Court issued an Opinion and Order (ECF DKT #98) finally

certifying a Collective Class made up of four named Plaintiffs and sixty-three Opt-in Plaintiffs against those same Defendants for violations of the FLSA. Thus, liability has been decided in the moving Plaintiffs' favor.

On May 31, 2023, the Court issued an Order (ECF DKT #99) requiring Plaintiffs to file a motion for default judgment within thirty days against the North Coast Defendants; and in lieu of an evidentiary hearing, to submit supporting sworn evidence of damages, calculated by hours worked at the applicable hourly rate for each member of the Collective Class. The Court warned that failure to file the appropriate motion in a timely fashion would result in dismissal of the above-captioned action without prejudice for lack of prosecution.

The instant Motion was filed on June 30, 2023. Plaintiffs submit twenty-six affidavits of Class Members, attesting to their hours worked, their hourly pay rates and to the fact that they never received compensation. (ECF DKT #100 & ECF DKT #100-1). Their damages total $242,991.62. Plaintiffs also offer two unsworn statements and three affidavits of individuals who did not opt-in to the finally-certified Collective Class.

The Court will not consider the two unsworn statements because they do not constitute competent evidence.

To bring a collective FLSA action, a plaintiff must file a written consent to opt-in to the collective action. 29 U.S.C. § 216(b). For purposes of the statute of limitations, the filing of the written consent "commences" an FLSA collective action. 29 U.S.C. § 256. The three individuals, identified in Plaintiffs' Exhibit 3 (ECF DKT #100-3), last worked for the North Coast Defendants in May of 2019. The action was not commenced, therefore, within the three-year statute of limitations as to those three individuals who did not previously opt-in to

the Collective Class. They are not parties to this litigation and cannot legitimately recover damages.

The North Coast Defendants have offered no challenge to the Second Amended Complaint, the Final Certification Motion or the instant Motion for Default Judgment.

Therefore, in conclusion, Default Judgment is entered in favor of the twenty-six Collective Class Members identified in the Motion and Exhibit 1 (ECF DKT #100 & ECF DKT #100-1), and against the North Coast Defendants on Counts I and II of the Second Amended Complaint in the amount of $242,991.62, statutory interest from the date of judgment and costs.

**IT IS SO ORDERED.**

**DATE: August 1, 2023**

                                           s/Christopher A. Boyko
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**